IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   3:07-cr-0115-MEF |
| ) | |
| COURTNEY DEON ORUM, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO SEVER AND BRIEF IN SUPPORT**

COMES NOW Defendant Courtney Deon Orum, by and through the undersigned Attorney, and moves this Honorable Court to sever his case for separate trial.

As grounds in support thereof, the following is stated:

1. The defendant, Courtney Deon Orum, is charged (with 1 co-defendant) with: The attempt to take money by force from a federally insured credit union, in violation of Title 18, United States Code, Section 2113(a) and (d), and Title 18, United States Code, Section 2.

2. The record already established through discovery demonstrates that the evidence to be offered by the Government against the co-defendant is substantial in nature.

3. Since the co-defendant is charged in this indictment, there will inevitably be conflicting, or antagonistic defenses.

4. Defendant Orum, if tried with the other defendant, would be deprived of the right to call the co-defendant as a witness to testify in his own behalf as to the defendant's lack of involvement in the offense as charged, as he would

1

necessarily invoke the right not to testify. However, if Defendant Orum is afforded a separate trial, he can compel the other defendant to take the stand and testify fully.

5. <u>United States v. Cross</u>, 928 F.2d 1030, 1036 (11th Cir. 1991) delineates the tests for determining whether a severance should be granted when a defendant alleges that a co-defendant will provide exculpatory evidence on her behalf.

In this situation, the defendant must establish:

(a) a bona fide need for the testimony;

(b) the substance of the desired testimony;

(c) the exculpatory nature and effect of the desired testimony; and

(d) that the co-defendant would indeed testify at a separate trial.

Defendant Orum intends to elicit at trial the testimony of Co-Defendant Keith Sexton. Co-Defendant Sexton will testify that Defendant Orum was not involved during communications and actions, the basis of Count I as charged in the indictment.

The exculpatory nature and effect of this testimony from Co-Defendant Sexton would demonstrate that Defendant Orum was not involved in the robbery of the Mutual Savings Credit Union.

6. The preference for judicial economy is outweighed by the manifest need for severance of the trial of Defendant Orum from that of the other Defendant, in order to afford Defendant Orum a fundamentally fair trial.

WHEREFORE, the above premises considered, Defendant Orum, hereby moves this

Honorable Court to grant his Motion To Sever his trial from that of the other Co-Defendant, or in the alternative, that this matter be set for a hearing.

Respectfully submitted, this 20th day of August, 2007.

                                          s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Defendant
**KEITH & DUBIN, P.C.**
22 Scott Street
Montgomery, AL  36104-4012
Telephone: (334) 264-6776
Facsimile:  (334) 265-5362

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jerusha T. Adams, AUSA
Post Office Box 197
Montgomery, AL 36101-0197

                                          s/ Richard K. Keith
**OF COUNSEL**