IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:07-cr-115-MEF |
| ) | |
| COURTNEY DEON ORUM ) | |

UNITED STATES' RESPONSE TO MOTION TO SEVER

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files the instant Response to Defendant Courtney Deon Orum's Motion to Sever (Doc. # 21) as follows:

A.  Trying Defendant with his Co-Defendant Will Not Cause Compelling Prejudice.

Defendant claims that to try him with his co-defendant would cause compelling prejudice to the Defendant. In evaluating a severance motion, a court should balance the prejudice that a defendant may suffer from a joint trial against the public's interest in judicial economy and efficiency. *United States v. Cross*, 928 F.2d 1030, 1037 (11th Cir. 1991). A defendant must show "specific and compelling" evidence of prejudice such that a jury could not "separately appraise the evidence as to each defendant and render a fair and impartial verdict." *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001). "Conslusory allegations do not satisfy this burden." *United States v. Leiva-Portillo*, 2007 WL 1706347, *2 (N.D. Ga. 2007).

In this case, Defendant only offers conclusory allegations of prejudice. Defendant asserts that the "the record already established through discovery demonstrates that the evidence to be offered by the Government against the co-defendant is substantial in nature." (Doc. # 21, ¶ 2.) A defendant does not suffer compelling prejudice simply because much of the evidence at trial is applicable only

to co-defendants. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). Hence, there is no compelling prejudice to Defendant being tried in conjunction with his co-defendant. Furthermore, courts presume that jurors can compartmentalize evidence by respecting limiting instructions specifying what evidence may be considered against what defendant. *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004) (citation omitted). Defendant fails to argue or establish that a curative instruction would not provide protection against prejudice. Therefore, Defendant Orum has failed to show the specific and compelling evidence of prejudice required for severance.

  B. Defendant Should Not Receive a Severance Based on Antagonistic Defenses.

Defendant asserts that he should receive a severance because "there will inevitably be conflicting, or antagonistic defenses." (Doc. # 21, ¶ 3.) Defenses can only be found to be antagonistic if the jury, in order to believe the core of testimony offered on behalf of one defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant. *See United States v. Esle*, 743 F.2d 1465, 1476 (11th Cir. 1984). Defendant has not shown how his defense would be antagonistic to his co-defendant. Rather, Defendant only alleges that antagonistic defenses exist. Such a mere allegation of antagonistic defenses does not meet the requisite threshold showing. *See United States v. Castillo-Valencia*, 917 F.2d 494, 499 (11th Cir. 1990) (the mere fact that one co-defendant implicates another is not enough to mandate a severance). Further, it is well-established that "mutually antagonistic defenses are not prejudicial *per se*," and "the best solution for such situations is not severance, but for the trial judge to issue proper limiting instructions." *Blankenship*, 382 F.3d at 1125 n. 27 (11th Cir. 2004). Accordingly, Defendant Orum is not entitled to a severance on the basis of antagonistic defenses.

  C. <u>Defendant Should Not Receive a Severance Based on Allegations of his Co-Defendant's Purported Testimony.</u>

Defendant also premises his motion to sever on his need for the exculpatory testimony of his co-defendant. (Doc. # 21, ¶¶ 4, 5.) Where a defendant argues for severance on the ground that it will permit the exculpatory testimony of a co-defendant, he " 'must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed [ ] testif[y] at a separate trial.'" *United States v. Cobb*, 185 F.3d 1193, 1197 (11th Cir. 1999) (citations omitted). "Even if the defendant makes such a showing, the court must still '(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion.' " *Id*. (citations omitted).

Here, Defendant's bare, conclusory statements about what he believes his co-defendant would testify to at a separate trial is insufficient to meet his burden. Defendant must present "specific and exonerative facts" to justify severance which he has not done. *See United States v. Novaton,* 271 F.3d 968, 990 (11th Cir. 2001). He did not submit an affidavit proffered by the co-defendant detailing the proposed testimony. *See Novaton, supra; United States v. Pepe,* 747 F.2d 632, 651 (11th Cir. 1984). In addition, Defendant presented no facts that would establish that his co-defendant would indeed testify at his trial. Notably, the possibility of such testimony would be entirely dependent on the timings of the trials and Defendant has provided no evidence showing that his co-defendant is likely to testify at a separate trial.

Based on the foregoing, the United States respectfully requests that the Court deny the Defendant's motion to sever.

Respectfully submitted this the 27th day of August, 2007.

                                      LEURA G. CANARY
                                      UNITED STATES ATTORNEY

                                      /s/ Jerusha T. Adams
                                      JERUSHA T. ADAMS
                                      Assistant United States Attorney
                                      Post Office Box 197
                                      Montgomery, Alabama 36101-0197
                                      334-223-7280 phone   334-223-7135 fax
                                      jerusha.adams@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 3:07-cr-115-MEF |
| | ) |
| COURTNEY DEON ORUM | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard Keith.

        Respectfully submitted,

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Jerusha T. Adams
        JERUSHA T. ADAMS
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        334-223-7280 phone    334-223-7135   fax
        jerusha.adams@usdoj.gov