IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO.  3-07cr115-MEF |
| | ) | |
| COURTNEY DEON ORUM | ) | |
| | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant, Courtney D. Orum ("Orum"), is charged with bank robbery in violation of Title 18 U.S.C. § 2113(a) and (d). Orum moves to sever trial of his case from that of his codefendant, Keith Sexton (Sexton). (Doc. 21, filed August 20, 2007). After considering all submissions and analysis of the relevant law, the Magistrate Judge recommends that the District Judge deny the Motion to Sever.

**I. STANDARD OF REVIEW**

Although Federal Rule of Criminal Procedure 14 allows the court to sever certain defendants or counts in order to eliminate prejudice caused by joinder,[1] as the Eleventh Circuit recently explained in *United States v. Diaz*, a defendant seeking severance bears a

---

[1] Fed.R.Crim.P. 14 provides in pertinent part that: "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."; *see also United States v. Van Hemelryck*, 945 F.2d 1493, 1500-01 (11th Cir. 1991) (citing to Fed. R. Crim. P. 14 and permitting severance in cases to eliminate prejudice caused by joinder.).

heavy burden:

> The prevailing attitude is that persons who are charged together should be tried together. This is based largely on the desire to avoid multiple litigation and to conserve judicial resources. The granting or denial of a severance is within the discretion of the trial judge, and will be overturned only for abuse of discretion. In order to show that the trial judge abused his discretion in failing to grant a severance, the appellant must demonstrate that the denial of a severance resulted in specific and compelling prejudice against which the trial court was unable to afford protection. Only if the jury could not separate the evidence relevant to each appellant and render a fair and impartial verdict as to each should severance be granted.

*United States v. Diaz*, 248 F.3d 1065, 1100 -01 (11th Cir.2001)(citing *United States v. Butler*, 792 F.2d 1528, 1534 (11th Cir. 1986)). Moreover, the general rule in this Circuit is that defendants who are jointly indicted should be tried together. *See United States v. Cobb*, 185 U.S. 1193, 1197 (11th Cir. 1999).

## II. DISCUSSION

Orum argues severance of his trial is appropriate for three reasons. First, Orum argues the evidence of his involvement in the bank robbery is so minimal he cannot receive a fair trial in light of the substantial evidence to be offered against Sexton. (Doc. 21 at ¶ 1). Next, Orum argues Sexton will inevitably present evidence which will give rise to conflicting, or antagonistic defenses( *Id.* at ¶ 3) Finally, Orum argues a joint trial with Sexton, would deprive Orum of the right to call Sexton as a witnesses. Orum alleges severance will allow Sexton to testify Orum is innocent of bank robbery. Otherwise, Sexton will invoke his right not to testify." (*Id.* at ¶ 4). For the reasons set forth infra, the Court concludes Orum has

insufficient basis to sever his trial from that of Sexton.

## A. SPILL-OVER EFFECT

Orum argues the spill-over of overwhelming evidence against his co-defendants will unduly prejudice his case sufficiently to warrants severance. (Doc. 21 at ¶ 2). Orum fails to demonstrate any "specific and compelling prejudice against which the trial court [would be] unable to afford protection." *Diaz,* 248 F.3d at 1101; *United States v. Bovain*, 708 F.2d 606, 608 (11th Cir.1983). "When a defendant alleges prejudice resulting from a 'spill-over' effect . . . the defendant must demonstrate the jury's inability to make an individualized determination as to each defendant." *United States v. Butler*, 792 F.2d 1528, 1534 (11th Cir.1986). Because "cautionary [jury] instructions limit the effect of evidence which might otherwise be prejudicial," absent some showing that a jury would not have the capacity to follow such instructions and make the required judgments as to guilt on each count and each defendant, there is no basis for severance. *United States v. LaChance*, 817 F.2d 1491, 1495 (11th Cir.1987) (citing *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) and *United States v. Rivera,* 775 F.2d 1559, 1564 (11th Cir.1985)); *see also United States v. Smith,* 918 F.2d 1551, 1560 (11th Cir.1990)("Although particular coconspirators may not have been present at each stage of the conspiracy, a district court's cautionary instructions, which admonish the jury to consider separately each defendant's guilt, obviate the probability of a spillover effect.") (citations omitted). Assuming arguendo there is minimal evidence of Orum's participation in the bank robbery and the evidence implicating Sexton is substantial,

"[d]emonstrating that the evidence is stronger against a co-defendant than oneself does not satisfy the burden of showing *compelling* prejudice." *United States v. Johnson*, 713 F.2d 633, 640 (11th Cir.1983) (emphasis in original); *see also United States v. Cassano*, 132 F.3d 646, 651 (11th Cir.1998) (noting that "a disparity between the evidence against [defendant] and his co-defendants is not sufficient to show compelling prejudice, especially if the jury is instructed to, and does consider, each offense and defendant separately..."); *United States v. Abbell*, 926 F.Supp. 1545, 1552 (S.D.Fla.1996) ("Prejudice is not established simply because a defendant claims to be a minor figure and argues that much of the evidence at trial may apply only to co-defendants. A defendant does not suffer compelling prejudice even if much of the evidence actually produced at trial is applicable only to co-defendants.").

## B. ANTAGONISTIC DEFENSE

Orum summarily asserts severance is appropriate because he and his co-defendants will "inevitably" offer inconsistent and antagonistic defenses. (Doc. 21 at ¶ 3). For reasons set forth infra, the argument is without merit, unsupported by precedent and rests upon pure speculation.

"Mutually antagonistic defenses are not prejudicial *per se*." *Zafiro v. United States*, 506 U.S. 534, 538, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). Moreover, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 538-39, 113 S.Ct. at 938; *United States v. Talley*, 108 F.3d 277, 280 (11th Cir.1997). Consequently, "[w]hen

defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539, 113 S.Ct. at 938.

Under that analytical framework, assertion of antagonistic defenses may demonstrate the requisite compelling prejudice only if defenses "conflict to the point of being . . . mutually exclusive." *Bovain*, 708 F.2d at 610 (citing *United States v. Crawford,* 581 F.2d 489, 491 (5th Cir.1978)). Severance is not required unless "the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his co- defendant." *United States v. Badolato*, 701 F.2d 915, 923-24 (11th Cir.1983) (quoting *United States v. Berkowitz,* 662 F.2d 1127, 1134 (5th Cir.1981)). Additionally, the Supreme Court has specifically recognized that limiting instructions "often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539., 113 S.Ct. at 938.

The motion at issue is vague and conclusory, furnishing no information upon which the court could evaluate either the existence of irreconcilable, mutually antagonistic defenses or why, with proper curative instructions, prejudice cannot be alleviated. Absent such a showing of any legally cognizable prejudice, severance should be denied. *See United States v. Gossett*, 877 F.2d 901, 904 (11th Cir.1989) ( "When a defendant fails to provide the court with any basis to grant his motion for severance, such as the nature of his defense and in what

respect, if any, his defense is irreconcilable with that of his co-defendant, his motion should be denied.").

### C. CO-DEFENDANT TESTIMONY

The Court also rejects Orum's argument – that in the event the court were to grant the motion to sever, Sexton would provide exculpatory testimony for Orum which would not be available in the event of a joint trial – as insufficient to demonstrate compelling prejudice under the relevant framework. (Doc. 21 at ¶ 4). To obtain a severance based on the exculpatory testimony of a co-defendant, a defendant must show the following: "(1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature, and (4) that a co-defendant would in fact testify if the cases were in fact severed." *United States v. Harris*, 908 F.2d 728, 739 (11th Cir.1990) (citing *Byrd v. Wainwright*, 428 F.2d 1017 (5th Cir. 1970)).  If the defendant satisfies these threshold requirements, the court then must "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." *United States v. Cross*, 928 F.2d 1030, 1037 (11th Cir. 1991) (quoting *United States v. Funt*, 896 F.2d 1288, 1297 (11th Cir. 1990)).

In substance, Orum alleges Sexton will testify that Orum had no involvement in the bank robbery. (Doc. 21 at ¶ 5).  Such allegations which consist of little more than bare

conclusory assertions of a defendant's lack of involvement and contain no clear indication of any specific and exonerative facts to which a co-defendant would have testified, do not satisfy the compelling prejudice standard.[2] Orum did not submit an affidavit from Sexton setting forth the testimony, if any, Sexton would offer as a witness at trial were the Court to grant a severance. Without such an affidavit, Orum not only fails to detail properly the substance of the testimony, including specific exonerative facts, but also fails to demonstrate the co-defendant would in fact testify if the Court were to sever the cases. *United States v. Beale,* 921 F.2d 1412, 1429 (11th Cir.1991) (citing *United States v. Machado*, 804 F.2d 1537, 1544 (11th Cir. 1986)).[3] "Under these circumstances, . . . any prejudice occasioned by the absence of [co-defendant's] testimony [would be] outweighed by the judicial economy considerations inherent in this . . . conspiracy case." *United States v. Harris*, 908 F.2d at 739

---

[2] In a similar case, six defendants sought severance so that they could introduce the purportedly exculpatory testimony of a co-defendant, Butler, who, they said, would testify in their behalf only if he were tried separately. *U.S. v. DeSimone*, 660 F.2d 532, 540 (5th Cir. 1981). Butler gave an affidavit in which he stated that he would testify that he did not conspire with his co-defendants, nor they with him. *Id.* The trial court refused to sever the case, and the Fifth Circuit affirmed, noting that Butler's affidavit contained no clear indication of "specific and exonerative facts" to which he would have testified. *Id.*; *see also U.S. v. Novaton*, 271 F.3d 968, 990 (11th Cir. 2001) (citing *DeSimone*)

[3] *See also Byrd*, 428 F.2d at 1022 ("The court is not required to sever where the possibility of the codefendant's testifying is merely colorable or there is no showing that it is anything more than a gleam of possibility in the defendant's eye. 'The unsupported possibility that such testimony (exculpatory testimony of a codefendant) might be forthcoming does not make the denial of a motion for severance erroneous.'") (citations omitted); *Abbell*, 926 F.Supp. at 1553 (denying motion to sever because Defendant suggested the possibility of a *Byrd* affidavit but made no proffer, advanced no specifics, and failed to submit an affidavit which demonstrated that an accused defendant would testify for another defendant if the cases were severed).

(quoting *DeSimone*, 660 F.2d at 540.).  The Court concludes that Orum has failed to meet his burden demonstrating his entitlement to a severance.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the *Motion to Sever* (Doc . 21, August 20, 2007) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation not later than **September 14, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 31st day of August, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE