I THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 JAN 29 A 9:13

DRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

UNITED STATES OF AMERICA, )
      Plaintiff )
                               )
V.                             ) CR. NO. 3:07cr115-MEF-502
                               )
COURTNEY DEON ORUM, )
      Defendant )

## MOTION TO CORRECT AND/OR IN THE ALTERNATIVE A REDUCED SENTENCE

Comes Now, the Defendant, pro-se, files this his motion to Correct and/or in the alternative a reduced sentence, pursuant to rule 35(a), of the Federal Rules procedures, and in support herein states the following:

### FACTS

A. That on or about June 13, 2007, a Middle District of Alabama grand jury returned a one-count Indictment charging the defendant (hereafter Orum), the defendant, with attempted armed Bank Robbery and being and aiding in violation of 18 U.S.C. §2113(a) and (d) and 18 U.S.C. 2a. Also named in the Indictment was Keith Junior Layton.

B. That on September 28, 2007, Orum appeared before U.S. Magistrate Judge Susan Russ Walker for a change of plea.

-1-

The defendant pleaded guilty to the Indictment.

C. That A written Rule 11(c)(1)(c) plea agreement contains the following salient provisions, the United States agrees to a two level reduction in the defendant's adjusted offense level for acceptance of responsibility if appropriate, and a further one level reduction at the time of sentencing. The United States agrees to a sentence at the lowest end of the guideline range, the government may file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 if the defendant proves eligible, failure of the Court to grant this motion or to sentence the defendant as recommended by the government was not a basis to withdraw the plea.

D. That the government agreed and move for a two (2) level reduction in the applicable offense level pursuant to U.S.S.G § 2B3.1(a), the base offense level is 20.

## ARGUMENT

E. That Mr. Orum asserts that, the court may correct a sentence that resulted from clear error. See Rule 35(a), of the Federal rule criminal procedures, and also: Hill v. United States, 368 U.S. 424 (1962).

F. That the government, pursuant to U.S.S.G. § 2B3.1(a)(2), caused the base offense level is increased 2 levels because the taking of property of a financial institution was an object of the offense. Then, the government, pursuant, to U.S.S.G.§2B3.1(b)(2)(E), the base offense level is increased 3 levels because a dangerous weapon was brandished or possessed.

-2-

F. That Mr. Orum, pursuant to U.S.S.G. § 3B1.2, base offense level was decreased because the defendant was either a minor or minimal participant in the criminal activity, by two levels (see paragraph 35).

G. That Mr. Orum argues herein, that he should not have receive a 5 levels increased, pursuant to U.S.S.G. § 2B3.1 (b)(2)(E), because of his minimal participant in the criminal activity, and in support herein states the following:

(i) That a. outlined in paragraph twenty-five (25), Mr. Orum role in the offense was minimal. Paragraph 25 states that:

"It is readily apparent in both Sexton's and Orum's statement that Sexton had a leading role in the instant offense in that he picked the target, he devised the plan, found a willing accomplice, obtained the materials and supplies to accomplish the robbery, and assigned duties during the robbery."

(ii) That Mr. Orum argues that based upon the facts outlined in paragraph 25, both parties stipulated to the fact that he, Mr. Orum, was a minimal participant in the criminal activity. And based on these facts, he should have received a reduction of four (4) levels, pursuant to U.S.S.G. § 3B1.2(b); and;

(iii) That the specific offense characteristic, paragraph 33, should not apply to him, pursuant to U.S.S.G. § 2B3.1(b)(2)(E), because Mr. Orum played a minimal

-3-

rule. see: paragraph 35, of the presentencing investigation report. see: U.S.S.G. §3E1.0(b); and,

(iv) That based (if corrected) on a total offense level of 16 and a criminal history category of II, the guideline range for imprisonment is 24-30 months.

## FINALLY

Wherefore, base upon the foregoing facts, Mr. Orum prays that this Honorable Court grant his Rule 35(a) motion and correct his illegally imposed Sentence. Respectfully.

Date: December 7, 2007.

*Courtney Orum*
Courtney Deon Orum
Montgomery City Jail
P.O. Box 159
Montgomery, AL 36101

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2007, I mailed a copy of the foregoing, via U.S. Postal mail service, to the following:

Kent B. Brunson
Assistant U.S. Attorney
P.O. Box 197
Montgomery, AL 36101-0197

<u>Courtney Orum</u>
Courtney Deon Orum
Montgomery City Jail
P.O. Drawer 159
Montgomery, AL 36101

I. and that I hand delivered the foregoing to the prison officials, to be mailed on December 18th, 2007, pursuant to [illegible] (1988). (Prison mail-Box)

-5-